Case number 13-5370, Canonsburg General Hospital appellant v. Sylvia Mathews Burwell, Secretary, U.S. Department of Health and Human Services. Mr. Collins for the appellant, Mr. Schultz for the appellate. Mr. Collins. Good morning. May it please the court. I'm Sven Collins representing Canonsburg General Hospital. This appeal concerns a subject near and dear to the hearts of all federal judges, the orderly and efficient disposition of cases. But the district court's ruling below, perhaps expedient as a one-off decision, is contrary both to the very principles the district court sought to advance as well as to this circuit's precedent. The fundamental flaw in the district court's decision is its failure to accord proper significance to the unique procedural circumstances of appeals from administrative adjudications, which under the Administrative Procedures Act are reviewed by the district court sitting in an appellate role. Instead, the district court treated this case as if it were a garden variety civil suit originating in court. The district court's misunderstanding is reflected in its misapplication of two fundamental principles governing review at final agency adjudications. First, the rule in SEC v. Chenery, which is that the district court's decision is to be reviewed solely on the grounds articulated by the agency. Second, the rule that the affirmative defense of issue preclusion is waived if it is not timely asserted during the trial phase of the case. The rule that the district court, in fact, broke new ground in this decision, contrary to the above two key rules. Would you say that the Western District of Pennsylvania order was an appellate order? An appellate order? Like you're saying this one is. Yes, Your Honor. The decision by the Western District of Pennsylvania in the first Cansford case would have been the appellate review of the agency's determination in that prior dispute. Is that why you didn't appeal it? Your Honor, we didn't appeal it because my client did not have the resources to appeal the case. I'll now just... So all of the factors for issue preclusion were in place. We either can win on Poulin or nothing, right? Because issue preclusion is otherwise clear. Your Honor, I... Right? Using the usual factors. You're resting on Poulin. That's it. We're resting on Chenery and Poulin. and also had the administrative review level, the CMS administrator applied issue preclusion, we might have a different situation. And had they attempted to do so before the board, we would have argued that there was a change in law. Currently, that... Poulin didn't say you had to. Poulin merely observed that the agency in that case explicitly declined to and made it clear that they were reopening the merits. That's not what happened in this case. Yes, Your Honor, but I would say that we have an even stronger case for waiver here than in Poulin because in Poulin, it is truly not an adversarial proceeding. Whereas the proceedings before the Provider Reimbursement Review Board, by contrast, are like a trial. The intermediary is represented by National Coordinating Council for Blue Cross Blue Shield. The same intermediary was present in the first Cannonsburg case. The final decision in this case is perfectly consistent with what the Western District of Pennsylvania upheld. The final agency decision is perfectly consistent. And there was no declaration that the agency meant not to rest on Reyes-Judicata issue preclusion. And there was nothing to suggest that the agency meant to reopen the merits issue. They simply had the last decision maker in this case had to decide the way it did because the intermediary went off in a way that was inconsistent with the established rule of the agency. Well, I disagree with that, Your Honor. Why can you disagree with that? I'm just stating the facts. You know where it leads, but you can't disagree with the facts. I disagree with the conclusion Your Honor is reaching from the fact. But I would say that here, as in any case under the Administrative Procedure Act, the decision that the appellate court, which is the district court below, is supposed to look at is the decision of the CMS administrator. It's not supposed to look at the decision that was made 14 years prior and determine whether that should be upheld. It is reviewing the agency's decision on the grounds that were articulated. And the Chenery Rule, which this Court has applied frequently, including in recent decisions by this panel, holds that very clearly. I mean, there's a very limited exception to that, and that's where the result is mandated by law and the agency reached the right decision mandated by law for the wrong reason. But here, however, you cannot say that the agency was mandated to reach that decision. If we're applying conclusion, then we're not entering anything inconsistent with what the agency has done. I'm not saying we're doing any violence to Chenery if we decide on threshold grounds rather than on the articulated grounds. Chenery usually comes into play when you get two different merits grounds. I don't recall a case with this panel or any other that we can't decide on threshold grounds even though the agency decided on the merits. Well, your Honor is correct. We've not seen this case. This is a situation that's come up. For example, the Poulin case, there was a waiver at two levels. The Morris case, there was... Yeah, right. In Poulin, they failed to raise the preclusion in their first opportunity before the Court. That's not the case here. That's absolutely correct, Your Honor. So this is distinguishable from Poulin. Yes, and I would say, however, that Poulin did not establish a rule that where there is a complete waiver before the agency by re-deciding the case on the merits, it makes... I'm not sure of that part about who waived it before the agency. The agency was not an adverse party at the time of the agency's decision. The intermediary was the adverse party there, right? Well, the intermediary was the agency's agent for purposes of the adjudication, and I would just add... for purposes of the procedure that led to the adjudication. That's not the same thing. Who was representing the agency? I'm sorry, who was representing the intermediary? Who was representing the intermediary? The National Coordinating Council for Blue Cross Blue Shield. Right. Not the government lawyers. That's correct. Not the agency counsel or the Department of Justice, but a private counsel was representing them. They're a separate entity from the government, so how has the agency waived the preclusion that tells the intermediary did not waive it? It waived it by deciding the case on the merits at a minimum by the CMS administrator. In fact, the prior Tannensburg decision was expressly brought to the attention of the administrator. The agency decided the case on the merits notwithstanding. Consistent with the prior Tannensburg decision, correct? It's perfectly consistent with what the Western District of Pennsylvania had upheld. Of course. I agree with that, Your Honor. The CMS administrator applied the rule yet again that it had applied previously, yet it did not say we're deciding this on preclusion grounds. In fact, it went to the merits. Why did they have to say that? They don't have to say that. They had an intermediary that had gone off the tracks, and so they said, look, this is just wrong. Here's what the rule is. It seems terribly efficient for an agency to do that. It's not waiving preclusion. It's efficient in making it clear we haven't changed our mind. This is what we do. We're not reopening this. It's closed, and here's the explanation again for those of you who are confused. And then when they come into court, they raised it, and Poulin did not raise it when they came into court because they had expressly declined at the agency level. Yes, Your Honor, and Poulin raised it in their post-answer motion to affirm, which to me is fairly close in time to an answer. But the more important point, I believe, Your Honor, is that the agency decided it on the merits, and if the district court disregards that, we believe it's contrary to the Chenery Doctrine. I thought you agreed that Chenery does not necessarily bar this court deciding on a threshold ground where the agency decided on merits. I do not agree with that, Your Honor, at least based on existing precedent. Well, what case do you have where we've said that? The Chenery cases that I recall generally involve the question of a different merits ground as opposed to a threshold ground that is antecedent to the merits. Well, as the Chenery rule has been formulated, it states the exception is where the agency reaches a result that's mandated by law. And the agency argued a different- If it doesn't apply, then you don't need an exception. Do we have a case where we have applied Chenery to the use by the court of an antecedent ground as opposed to a merits ground? There is a case in which the court considered whether Chenery would bar, however, decided that the agency had not, in fact, waived and had, in fact, decided a case on the preclusive grounds. That's not cited in our brief, so it was considered, but it didn't apply. Here, one thing that's very important is the agency set administrative precedent. And, Your Honor, to your question, the agency was not simply repeating the exact same position it had provided in 2001. In fact, it went beyond that position to base its grounds on newly submitted material from the Division of Acute Care that related to additional supposed legislative history, some previews of studies to Congress. That was not in the record before the 2001 case. I understand what you're saying, but I think the point is the disposition here was based on the same principle that was upheld by the Western District of Pennsylvania. That principle was applied again here. Of course, each case may involve different pieces of evidence. What's important here is whether that principle, the agency intended to reopen it, they did not say they intended to reopen it, and whether they raised the issue preclusion at the first opportunity when they came here, they did. That's entirely different from Poulin. I would say that they did not raise it at the first available opportunity because they didn't raise it. It was not raised by the CMS administrator, and in fact, the administrator reached a decision for different grounds, and yes, it was the same balance. I mean, that just goes to, I understand what you're trying to argue on Chenery, but I mean, Judge Santel has really asked you the pertinent question. I'm not aware of any case either where we are foreclosed from attending to a threshold ground. And barred by Chenery. That just doesn't make sense. I'd love to know the case where we have said that that's the law of the land. I'd really be surprised. Let me just step back for a minute here, and here is what I think is the most important thing about why I think the agency should have been trial, because the decisions were made, and the basis for upholding a defense of collateral estoppel or issue preclusion is to avoid waste of resources in retrying a case. Well, by the time you get to the district court, that has already occurred, and those That is a purpose. You say that's the purpose of preclusion defense. That is a purpose of preclusion defense. Correct, Your Honor. It's also to avoid inconsistent decisions. Yes. And so we had an inconsistent decision by the board, and frankly, if it doesn't apply in the circumstance, then the rule of law is that the agency can wait until it gets to court, as it did here, and it can have an administrative precedent set with no chance to review because the agency got the final word, and I don't believe that our system The precedent was already set. That's the frailty of your argument. There was nothing new here. The precedent was already in place, and it is not. You are absolutely right if it's a pooling situation, and we have this in other contexts. If the agency says we are reopening, then they're fair game. We are redoing this. Then the court has an opportunity, and the parties have an opportunity to go at them again. That's not what happened here. Your Honor, I respectfully disagree that the facts actually are that they did far more than just reopening. They heard the case on the merits. I don't understand how there's much of a difference between the two, and I think it's even stronger in the case where the agency decides a case expressly on the merits. We would submit that the district court applied a special rule to agency adjudications, and that rule is that issue preclusion should always be applied on appeal. Always. And there's no precedent supporting that special rule. Indeed, as this court has held, issue preclusion on appeal is supposed to be is disfavored. That's a TransAero case. And this rule, as we argue, conflicts directly with Chenery. The standing case the agency relied on where it was applied sui sponte on appeal did not involve an issue of waiver. In fact, not a single case that the agency cited or that the district court relied on for sui sponte application involved a situation where it's being applied to an administrative agency's adjudication that's occurred not once but twice. And I would say, we say, that had the agency not decided the case on the merits, or had the agency not withdrawn its prior appeals in this court, we probably wouldn't be here today. And much of the resources that the courts, that the agency, and that the parties have been forced to expend would have been spared. To you, it would have had a more interesting argument if the board had followed precedent and then the administrator had pursued a long, drawn-out procedure. Then you could have maybe tellingly argued, look, the administrator was reconsidering it, as in Pulin, and we're entitled to go after it again. They didn't have to. They could have simply argued issue preclusion. That's not what happened to you. The board went the wrong way, and the administrator had to get it straight to get it back in line with precedent. Well, what the administrator did was get it back out of line with the most recent decisions of the D.C. District Court that the agency took to appeal in this court and then voluntarily withdrew after questions from the bench. I think those facts matter. In summary, the District Court erred in failing to afford the proper significance to the unique circumstances of reviewing an agency adjudication on the merits, and it turned the rules of Chenery and Waiver on their head. Effectively, the District Court found that Waiver must never be found, that issue preclusion must always be applied, and the court should always go beyond the grounds actually asserted on the merits and reach the issue of preclusive defense in every case. Let me ask you about Chenery, and I think Judge Sentelle was saying the same thing. Chenery prevents us from affirming or reversing on a different ground, but here we're dismissing the appeal. We're not even getting to the merits, and so a dismissal of an appeal is our decision to make, separate and apart from the merits or the affirming or reversing of whatever it is we're reviewing from the agency. Well, that would be true if the court were applying sua sponte issue preclusion. Then it would be a different ground. But if the court is actually affirming the agency on the basis of issue preclusion, it is reaching an affirmance for a different ground. We'll give you some time to review. Okay, I'll reserve my remaining time for both. Okay. Mr. Schultz. Thank you, Your Honor. May it please the Court, Benjamin Schultz on behalf of the government. It's undisputed in this case that nothing in the Medicare statute or in the relevant regulations required preclusion to be raised during the administrative proceedings. At that point, the plaintiff's claim really just reduces to the idea that somehow Poulin or Chenery creates a source of law that required the agency to do this before it got to district court. I think the court has already adequately explained why neither Poulin nor Chenery requires that result. There were regulations in Poulin indicating that the issue of preclusion has to be raised, could be raised by the government. Your Honor, there were regulations in Poulin that allowed for reopening, and the court's decision in Poulin concluded that the agency had invoked those regulations and actually reopened the decision. And as I think the court has pointed out, there was no such reopening here. If the court has any questions about any of the issues in the case, I'd be happy to address them. Otherwise, I think the briefs adequately state our position. Okay. All right. Thank you. Thank you, Your Honor. Mr. Collins, remember this is reply. Yes. The court asked whether the agency was any rules requiring them to raise the affirmative defense and whether the board could rely on collateral estoppel. And as we noted in our briefs, the agency didn't contest that point below the district court and has made additional argument in its briefs in the circuit. But we cited a case, Baptist Memorial C Joint Appendix 357, that proves this point. The board would have been well within its authority to address issue preclusion as part of its decision. And the board has a statutory right to rule on matters not advanced by the intermediary. That's under 42 U.S.C. 1395-00D. Further, the agency's regulations state that the administrator may rely on prior decisions of the agency in courts, even if not raised by party. That's 42 CFR 405-1875. And finally, the board's rules require that board rule 25-1 and 27 require that the intermediary identify all arguments in authority they intend to present in support of their position. And 27.4 says the board may execute new arguments presented for the first time in a hearing. And the final point I'll make is that the PRRV, the Provider Reimbursement Review Board, sits as a court effectively and adjudicates the decision on the merits between the parties. Thank you.
judges: Henderson, Edwards, Sentelle